Nicholas J. Henderson, Esq. (OSB# 074027)
E-Mail: nick@elevatelawpdx.com
Elevate Law Group 6000 Meadows Road, Suite
450 Lake Oswego, OR 97035
Telephone: 503-417-0508
Fax: 503-417-0528
Counsel for Defendant Trans Union, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON (PORTLAND)**

| | |
|---|---|
| **EVELYN SAVAGE,** | **Case No. 3:25-cv-00231-JR** |
| **Plaintiff** | |
| **Vs.** | **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES** |
| **EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LLC & JP MORGAN CHASE BANK, N.A.** | |
| **Defendants** | |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. This action arises out of defendants Experian Information Solutions, Inc., Trans Union, LLC, and JP Morgan Chase Bank, N.A. violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA").

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3. Venue is proper in this Division of this District because Plaintiff resides in Multnomah, Oregon, and defendants transact business in Oregon.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## II. IDENTIFICATION OF THE PARTIES

4. Plaintiff Evelyn Savage ("Plaintiff" or "Ms. Savage") is a natural person residing in Oregon. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited corporation engaged in substantial and not isolated activities within this state. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company engaged in substantial and not isolated activities within this state. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois and admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Defendant JP Morgan Chase Bank, N.A. ("Chase") is a national association bank engaged in the business of extending consumers credit within this state. Chase furnishes credit information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2 and does business in Oregon as a "debt collector," attempting to collect an alleged "debt" owed by plaintiff, who is a "consumer," as those terms are defined in 15 U.S.C. § 1692a.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### III. FACTUAL ALLEGATIONS

8. On or about August 2024, Plaintiff viewed one of her credit card accounts online to check her balance. Plaintiff saw a credit score but was not certain if it was an advertisement or her score. Plaintiff thought the score looked low if it was her score. This prompted Plaintiff to check her credit report. On or about August 3, 2024, Plaintiff discovered a Chase account on her credit report.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Plaintiff did not have a Chase account.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. Plaintiff filed an identity theft report with the Federal Trade Commission and the Office of Inspector General.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. On or about August 4, 2024, Plaintiff called Equifax Information Services, LLC ("Equifax", a non-defendant consumer reporting agency), Experian and Trans Union about the false Chase account.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. Plaintiff called Chase several times on or about August 2024 to dispute the fraudulent Chase account. She was transferred to the fraud department to file a dispute.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. Plaintiff received an Equifax credit report dated August 6, 2024. The report included an address in Pasadena, California that plaintiff has never lived at or used. The report included the fraudulent Chase account (JPMCB Card Services) that showed a balance of $48,086 and status of charge off.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. As a result of receiving the August 6, 2024 Equifax report, plaintiff contacted Equifax to dispute the Pasadena, CA address and the Chase account that were not hers.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. On or about August 8, 2024, Plaintiff placed a credit freeze on her credit reports.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16. Plaintiff received results of investigation from Equifax dated August 13, 2024. The results show both the false Pasadena, CA and Chase account were deleted.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Plaintiff received a Trans Union credit report dated August 13, 2024. The report included the fraudulent Chase account (JPMCB Card Services) that showed a balance of $48,086 and status of charge off. Plaintiff also received Investigation Results from Trans Union dated August 13, 2024. The results showed the fraudulent Chase account as verified as accurate.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. On or about August 15, 2024, plaintiff spoke with a representative at Experian who indicated the Chase account had been deleted from her credit file.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On or about September 23, 2024, Plaintiff filed a second identity theft report with the Federal Trade Commission.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20. On or about September 24, 2024, Plaintiff sent an email to Chase's fraud and recovery department explaining that the account was the result of identity theft and requesting Chase remove the fraudulent account from her credit file. This email was copied to Senator Ron Wyden.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. On or about September 24, 2024, Plaintiff sent an email to Experian which included a copy of an email sent to Chase and Senator Ron Wyden regarding the fraudulent Chase account and an identity theft report. Plaintiff requested the Chase account to be cleared from her credit report.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. Plaintiff received a letter from Chase dated October 2, 2024, stating the information was accurate and the account would remain open.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. On or about October 2, 2024, Plaintiff filed a Complaint about the fraudulent Chase account with the Consumer Financial Protection Bureau ("CFPB"). Plaintiff also filed a Complaint about the fraudulent reporting of the Chase account by Equifax, Experian and Trans Union with the CFPB.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. On or about October 15, 2024, Plaintiff received a response from the CFPB regarding her dispute of the fraudulent Chase account. Chase stated the account was accurate and it would continue reporting on Plaintiff's credit.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. On or about October 15, 2024, Plaintiff contacted the Social Security Administration to report fraudulent use of her Social Security number and her identity.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. Upon information and belief, Chase received one or more disputes from one or more of the credit reporting agencies regarding the fraudulent Chase account being reported on Plaintiff's credit reports and Chase verified the fraudulent account as accurate.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. On or about October 16, 2024, Experian's results of investigation state the fraudulent Chase account was reporting accurately. Experian 's report continued to show the fraudulent Chase account with a balance of $48,086 and status of charge off.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. On or about October 17, 2024, Plaintiff filed a police report with the Gresham Police Department for identity theft and fraud.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29. On or about October 19, 2024, Plaintiff mailed a dispute letter and proof of her identification to Experian and Trans Union, disputing the fraudulent Chase account.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30. On or about October 21, 2024, Plaintiff called Chase to dispute the fraudulent account.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31. On or about October 25, 2024, Plaintiff filed an identity theft report with the Oregon Attorney General's office.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32. On or about October 27, 2024, Plaintiff called Equifax requesting she be provided with the e-mail and phone number of the applicant of the Chase account. She was told that information was not available.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33. On or about October 27, 2024, Plaintiff sent a letter to Chase again explaining that the account opened was the result of fraud. Plaintiff requested copies of the fraudulent account's application documents.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34. Plaintiff received dispute results from Experian dated October 28, 2024, Experian deleted two Chase inquiries and provided a projected completion date of November 16, 2024 for the Chase account investigation.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35. Plaintiff received a response from the Oregon Department of Justice stating her complaint was received and referred to the Department of Consumer and Business Services.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36. On or about November 1, 2024, Plaintiff received a reply from Chase stating Chase confirmed the account as valid and not opened based on a fraudulent application.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37. Plaintiff received a notice dated November 15, 2024 from Equifax. The notice stated that as a result of a dispute the Chase account had been deleted from her file, however Chase requested and therefore Equifax reinserted the fraudulent Chase account back on Plaintiff's credit file.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38. Plaintiff received investigation results from Trans Union dated November 15, 2024. The results indicate that Trans Union reinserted the previously deleted fraudulent Chase account on Plaintiff's credit file.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

39. On or about November 21, 2024, Experian continued reporting the fraudulent Chase account on Plaintiff's credit file.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40. On or about December 11, 2024, Plaintiff was denied a loan through her credit union, Northwest Community Credit Union, based on reporting by Experian.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### IV. CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Experian and Trans Union)

(15 U.S.C. § 1681n)

41. Plaintiff realleges and incorporates paragraphs 1 - 40 as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

42. Experian and Trans Union willfully failed to comply with the requirements of the FCRA in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1682e(b), and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1682i.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. As a result of Experian's and Trans Union's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

SECOND CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Experian and Trans Union)

(15 U.S.C. § 1681o)

46. Plaintiff realleges and incorporates paragraphs I - 40 as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

47. Experian and Trans Union negligently failed to comply with the requirements of the FCRA in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1682e(b), and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1682i.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. As a result of Experian's and Trans Union's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

THIRD CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Chase)

(15 U.S.C. § 1681n)

50. Plaintiff realleges and incorporates paragraphs 1 - 40 as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

51. Chase investigated the account upon receiving plaintiff's disputes from the credit reporting agencies. Chase willfully failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, Chase continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Chase failed to report the account as disputed by Plaintiff.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52. As a result of Chase's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

FOURTH CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Chase)

(15 U.S.C. § 1681o)

55. Plaintiff realleges and incorporates paragraphs 1 - 40 as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

56. Chase investigated the account upon receiving plaintiff's disputes from the credit reporting agencies. Chase negligently failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, Chase continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Chase failed to report the account as disputed by Plaintiff.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57. As a result of Chase's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**V. TRIAL BY JURY**

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## VI.  PRAYER

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1. On Plaintiff's First Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury.

    c. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury.

4. On Plaintiff's Fourth Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff were true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

9. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

10. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be

awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

ELEVATE LAW GROUP

*/s/ Nicholas J. Henderson*
**Nicholas J. Henderson, Esq.**
OSB# 074027
Telephone: 503-417-0508
**Counsel for Defendant Trans Union, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 10th day of March, 2025.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Justin M. Baxter, Esq.<br>justin@baxterlaw.com | Kachelle A. Baxter, Esq.<br>kachelle@baxterlaw.com |
| Pilar C. French<br>frenchp@ballardspahr.com | |

*/s/ Nicholas J. Henderson*
**Nicholas J. Henderson, Esq.**
OSB# 074027
Telephone: 503-417-0508
**Counsel for Defendant Trans Union, LLC**